UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corinne Ann Campi, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Michael Anthony Campi; Coleen Patrice Campi, ) <br> ) <br> Defendants. ) <br> _____ ) | C/A No. 4:12-400-RBH-TER <br><br> **REPORT AND RECOMMENDATION** |

Corinne Ann Campi ("Plaintiff"), proceeding *pro se*, brings this civil action seeking a recovery of money.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for lack of subject matter jurisdiction.

Background

Plaintiff alleges that she resides in Sparta, New Jersey. Compl. 2. She brings suit against Michael Anthony Campi and Coleen Patrice Campi, both of whom allegedly reside at 4985 Pee Dee Highway in Conway, South Carolina. *Id.* at 2-3. Plaintiff's entire statement of claim is set forth verbatim:

> Michael and Coleen Campi had $6,950.00 deposited into their personal account. The money was given to them by the College of Charleston for my enrollment that fall. I withdrew from my courses and Michael and Coleen Campi never returned the money to the College of Charleston. I was never given the money and am now being held responsible by the school. The account has collected interest and the school is now owed over $7,000. The deposit was made in 2010.

Compl. 3.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Plaintiff seeks the following relief verbatim:

> I would like Michael and Coleen to return the money to the College of Charleston since it is clear it never went towards my education.

Compl. 4.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less

stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). *See also Liberty Univ. v. Geithner,* No. 10-2347, 2011 WL 3962915, at *4 (4th Cir. Sept. 8, 2011) (discussing a federal court's independent obligation to examine its subject matter jurisdiction). Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."

3

*Pinkley, Inc.*, 191 F.3d at 399. To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

If a plaintiff's complaint raises a claim arising under the Constitution or a federal law, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. Here, Plaintiff does not allege a violation of her constitutional rights. Also, if Plaintiff is alleging a violation of a federal law, it is not evident from the Complaint. Plaintiff does not allege what the $6,950 payment was for – student loan, scholarship, work study, or other. This Court notes that on the Civil Cover Sheet, which Plaintiff submitted to the Court, she indicated that she relies on 5 U.S.C. § 8129. Section 8129 addresses recovery by the United States of overpayment of worker's compensation benefits, and clearly has no bearing on Plaintiff's claim. Plaintiff did not cite any other federal statutes under which she could pursue her claim, and this Court cannot glean from the Complaint any other applicable federal statute upon which Plaintiff may rely.

Liberally construed, the Complaint may raise claims under state law. A civil action for a plaintiff's state law claims may be filed in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Central West Virginia Energy Co. v.*

*Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. In this case, Plaintiff's allegations satisfy the requirement of complete diversity of parties. However, Plaintiff has failed to allege a sufficient amount in controversy. Generally, the "'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (citation omitted). However, if it is apparent to a legal certainty that a plaintiff cannot recover the jurisdictional amount, the case may be dismissed for want of jurisdiction. *Cf. Kress v. Alabama Motor Express*, C/A No. 8:04-22042-RBH, 2005 WL 3298886, at *1 (D.S.C. Dec. 5, 2005) (finding that the unspecified amount in the complaint alleging past pain and suffering, medical and hospital expenses, lost wages, and future suffering, satisfied the amount in controversy). Here, Plaintiff requests that the defendants be ordered "to return the money" to the College of Charleston. Even assuming that the defendants would have to pay interest on the $6,950.00 amount, and assuming that more than $7,000.00 is currently owed, it appears to a legal certainty that Plaintiff would not be permitted to recover more than $75,000. Accordingly, the Complaint does not allege an amount in controversy sufficient to satisfy diversity jurisdiction.[2]

---

[2] Thus, if Plaintiff wishes to pursue her claim under state law, she must do so in state court.

Recommendation

It is recommended that the District Court dismiss this action *without prejudice* for lack of subject matter jurisdiction. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

      s/Thomas E. Rogers, III  
      Thomas E. Rogers, III  
      United States Magistrate Judge

April 30, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).