IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Corinne Ann Campi, | ) | Civil Action No.: 4:12-cv-00400-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael Anthony Campi and Coleen | ) | |
| Patrice Campi, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, III.[1] Plaintiff Corinne Ann Campi, proceeding *pro se*, filed this action against Defendants Michael Anthony Campi and Coleen Patrice Campi. In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's complaint *without prejudice* and without the issuance of process.

### **Factual Background and Procedural History**

Plaintiff, who allegedly resides in Sparta, New Jersey, filed this action on February 13, 2012. Compl. 2, ECF No. 1. She brings suit against Defendants, both of whom allegedly reside in Conway, South Carolina. *Id.* at 2-3. Plaintiff's entire statement of her claim is as follows:

> [Defendants] had $6,950.00 deposited into their personal account. The money was given to them by the College of Charleston for my enrollment that fall. I withdrew from my courses and [Defendants] never returned the money to the College of Charleston. I was never

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2). The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints . . . [do] not require . . . courts to conjure up questions never squarely presented to them.").

>given the money and am now being held responsible by the school. The account has collected interest and the school is now owed over $7,000. The deposit was made in 2010.

*Id.* at 3. Plaintiff seeks the "return [of] the money to the College of Charleston since it is clear it never went towards [her] education." *Id.* at 4.

The Magistrate Judge issued his R&R on April 30, 2012, R&R, ECF. No. 15, and Plaintiff filed timely objections to the R&R, Pl.'s Objs., ECF No. 19.

### **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

**Discussion**

The Magistrate Judge recommends dismissing the action for lack of subject matter jurisdiction. He concludes that Plaintiff (1) failed to state a federal question and (2) alleged an amount in controversy that, to a legal certainty, falls below the amount required to justify diversity jurisdiction. R&R 4-5. Although Plaintiff raises timely objections to the R&R, she admits she "didn't include enough information in [her] initial correspondence to demonstrate why this [action] would be within federal jurisdiction." Pl.'s Objs. 1.

Plaintiff does not dispute the Magistrate Judge's conclusion that she fails to allege an adequate amount in controversy. Instead, Plaintiff's sole argument in support of jurisdiction is that this action regards a federal student loan. *Id.* at 1. Attached to her explanation are exhibits she argues support her claim. However, after reviewing Plaintiff's complaint in light of the objections and exhibits submitted by Plaintiff, the Court cannot find a federal question alleged that would support subject matter jurisdiction under 28 U.S.C. § 1331.[2] The Court is mindful that it must liberally construe Plaintiff's complaint, but it is unaware, based on the facts alleged, of a federal claim upon which relief can be granted. In short, allowing this action to proceed past § 1915(e)(2) screening would require this Court "to conjure up questions never squarely presented to it" in the complaint. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Magistrate Judge's well-reasoned recommendation to dismiss Plaintiff's complaint *without prejudice* is thus without error.

---

[2] The Higher Education Act of 1968, 20 U.S.C. §§ 1070 to 1099d, provides for criminal penalties but does not create a civil private right of action to remedy the wrongful conduct alleged by Plaintiff. *Id.* § 1097(a). Her relief should be sought in state court.

## Conclusion

The Court has thoroughly reviewed the entire record, including the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint be **DISMISSED** *without prejudice* and without the issuance of process.

**IT IS SO ORDERED.**

                                        s/ R. Bryan Harwell
                                        R. Bryan Harwell
                                        United States District Judge

July 30, 2012
Florence, South Carolina